IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 06-cv-01458-ZLW

ROBERT DALE MARTIN,

SEP 2 2 2006

Applicant,

GRE____ __. LANGHAM
CLERK

v.

HECTOR A. RIOS (Warden),

Respondent.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Applicant Robert Dale Martin filed *pro se* on August 16, 2006, filed a document titled "Petitioner's Motion to Alter or Amend Court's August 4, 2006[,] Judgment per. Rule 59(e)." Mr. Martin asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on August 4, 2006. The Court must construe the motion liberally because Mr. Martin is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Martin's motion was filed within ten days after the Court's Order and Judgment of Dismissal. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven

days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

Upon consideration of the motion and the entire file, the Court finds that Mr. Martin fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Martin does not allege the existence of any new law or evidence, and he fails to convince the Court of the need to correct clear error or prevent manifest injustice.

The Court dismissed the instant action on the merits. In the motion, Mr. Martin disagrees with the Court's determination of the merits of his claims. Applicant appears to argue that even though a new regulation was filed on December 22, 2000, the BOP has failed to release new issues of Program Statements 5162.04 and 5330.10 based on the new regulation. Applicant contends that the copies of Program Statements 5162.04 and 5330.10 that currently are used by the BOP are dated October 9, 1997. Applicant concludes that because the BOP still is relying on an October 9, 1997, issue of Program Statements 5162.04 and 5330.10, the BOP regulation is in violation of the Administrative Procedures Act (APA), not having been promulgated in compliance with the APA, and, therefore, is invalid.

The release of new program statements was not required because the interim

2

regulation addressing the BOP Director's discretion in determining eligibility for a sentence reduction was finalized in § 550.58 without change.  Furthermore, in reviewing the 28 C.F.R. § 550.58 and the BOP Program Statements 5162.04 and 5330.10, the Court finds that Program Statements 5162.04 and 5330.10 are in keeping with § 550.58.  Under the federal regulation and the program statements, the BOP Director is afforded discretion to exclude certain categories of inmates from eligibility for a sentence reduction.  Applicant's argument, therefore, lacks merit.

With respect to Applicant's new argument based on *Richardson v. Joslin*, 397 F. Supp.2d 830 (N.D. Tex. 2005), the argument lacks merit.  First, a decision in the United States District Court for the Northern District of Texas lacks authority in this Court.  Secondly, the charges and conviction against the petitioner in *Richardson* are different than the charges and conviction against Applicant.  In *Richardson*, the petitioner was convicted only of conspiracy to commit money laundering.  The *Richardson* court found that a decision to subject petitioner to exclusion when he was not found to be involved with carrying, possessing, or using a firearm is not in keeping with BOP regulations.  *Richardson*, 397 F. Supp.2d at 835.  Applicant, however, was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), which subjected him to the discretion of the BOP Director to exclude him from eligibility for a sentence reduction.

As for Applicant's reliance on *Bailey v. United States*, 516 U.S. 137 (1995), in that *Bailey* requires a showing that a firearm must be actively employed or an operative factor in relation to a predicate offense, Applicant's reliance is misplaced.  Nothing in

*Bailey* applies to the BOP Director's discretion under either the regulation or the

program statements, which allows him to exclude certain categories of inmates from

eligibility for a sentence reduction.  Therefore, the motion will be denied.

Nonetheless, the Court amends the August 4, 2006, Order and Judgment of

Dismissal to the extent that the Court finds that the 1997 interim regulation as finalized

in § 550.58, on December 20, 2000, provides that the BOP Director at his discretion

may exclude Applicant from eligibility for a sentence reduction under 18 U.S.C.

§ 3621(e)(2)(B) due to his current offense, even though Applicant may be eligible for

placement in the Residential Drug and Alcohol Program.  Accordingly, it is

ORDERED that "Petitioner's Motion to Alter or Amend Court's August 4, 2006[,]

Judgment per. Rule 59(e)," filed on August 16, 2006, is denied.

DATED at Denver, Colorado, this 21 day of _____ Sept. _____, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  06-cv-01458-BNB

Robert Dale Martin
Reg. No. 09068-091
FCI – Florence
PO Box 6000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on   G-22-06

GREGORY C. LANGHAM, CLERK

By:_____
        Deputy Clerk